**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

In re:

JAMES S. PENDERGRAFT, IV,            Case No. 6:18-bk-06437-KSJ
                                      Chapter 7
        Debtor.
_____/

**TRUSTEE'S AMENDED[1] MOTION FOR TURNOVER AS TO**
**DOCUMENTS HELD BY DEBTOR**

> **NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files a response within thirty (30) days from the date set forth on the attached proof of service, plus an additional three (3) days for service if any party was served by U.S. Mail.
>
> If you object to the relief requested in this paper, you must file a response with the Clerk of the Court George C. Young Federal Courthouse, 400 West Washington Street, Suite 5100, Orlando, FL 32801 and serve a copy on the Trustee's attorney, Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 135 West Central Blvd., Suite 300, Orlando, FL 32801, and a copy on the U.S. Trustee, George C. Young Federal Courthouse, 400 West Washington Street, Suite 1100, Orlando, FL 32801 within the time allowed.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice or hearing, and may grant the relief requested.

Pursuant to 11 U.S.C. §§ 521, 541, 542 and Bankruptcy Rule 4002, Arvind Mahendru, Chapter 7 Trustee ("Trustee") in the Bankruptcy for James S. Pendergraft, IV ("Pendergraft" or "Debtor"), by and through his undersigned counsel, submits his Motion for Turnover as to Documents Held by Debtor, and in support states as follows:

---

[1] Amended solely to correct negative notice language and address of the undersigned.

1. On or about October 18, 2018, Debtor filed a Petition for relief under chapter 7 Bankruptcy Code (the "Petition Date").

2. The initial Meeting of Creditors under 11 U.S.C. §341 ("341 Meeting") was conducted on November 27, 2018. The Trustee continued the 341 Meeting to November 30, 2018 to allow further examination of the Debtor and/or the records of the Debtor.

3. The 341 Meeting has since been continued multiple times, as the Debtor has not provided all documents requested by the Trustee.

4. On April 8, 2019, the Trustee emailed counsel for the Debtor a final list of deficiencies related to the documents produced by the Debtor (the "Document Request Email"). A copy of the Document Request Email is attached hereto as **Exhibit A**.

5. The Document Request Email listed a number of significant deficiencies with the Debtor's prior production, which was haphazard and incomplete, with all the hallmarks of a document dump. The Document Request Email requested that a complete and organized production be made by the Debtor as soon as possible.

6. The Debtor is the owner of a number of entities with significant value. The entities comprise a vast network of affiliated and semi-affiliated businesses, some of which are successors to prior entities and some of which are holding companies.

7. The Trustee is not seeking anything onerous. The Debtor should turnover, in an orderly and complete fashion, the following documents for the prior seven years for each of the Debtor's entities:

    a. Tax returns;

    b. Monthly balance sheets;

    c. Monthly profit and loss statements;

    d. Year-end balance sheets and profit and loss statements;

    e. Monthly bank statements, with cancelled checks;

    f. Check registry / journal entry reports;

    g. Operating agreements;

    h. Shareholder agreements;

    i. Deeds to real estate owned by Pendergraft individually or any entity listed on Schedules;

    j. Mortgages on any of the real estate held by any entity; and

    k. Titles to any motor vehicles or other titled asset owned by Pendergraft individually or any entity listed on the Schedules.

8. What is frustrating for the Trustee is that a random, incomplete combination of all of the above were produced for each entity. For one entity he would have 4 or 5 bank statements for certain months in one year, some in another year, none in another year. What the Trustee needs is a **complete** production of all requested documents, which documents are very basic. They are only numerous in amount because of the number of entities with which the Debtor is affiliated.

9. Moreover, on January 4, 2019, the Debtor filed his Schedules and Statement of Financial Affairs (the "Schedules") (Doc. 39). In the Disclosure form related to compensation for attorneys, counsel for the Debtor attested that the $19,362 paid for his fees were paid by the Debtor.

10. The Debtor, however, prior to bankruptcy, was the subject of multiple freeze orders imposed by the State Court. These orders froze all bank accounts and funds and required that any disbursements be made only after court order.

11. To explore this issue, the Trustee requested that the Debtor provide documents sufficient to show the source of the funds paid.

12. Despite multiple request, the Debtor nor counsel for the Debtor have provided documentation sufficient to show the source of the funds used to pay those fees.

13. Bankruptcy Code § 521(a)(3) requires the Debtor to "...cooperate with the Trustee as necessary to enable the Trustee to perform the Trustee's duties under this title."

14. Bankruptcy Code § 521(a)(4) goes on to require the Debtor to "...surrender to the Trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate..."

15. The Trustee is entitled to possession of the documents requested in this Motion, and the Debtor should be directed to produce them all in a complete and orderly fashion.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order directing the Debtor to immediately turn over the above-described documents and granting other such relief as the Court deems just and proper.

Dated this 30th day of April 2019.

    Respectfully submitted,

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.
Florida Bar No. 051265
Nardella & Nardella, PLLC
135 West Central Blvd., Suite 300
Orlando, FL 32801
(407) 966-2680
mnardella@nardellalaw.com
service@nardellalaw.com

*Counsel for Arvind Mahendru as Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 30th day of April 2019 a true and correct copy of the foregoing was furnished via US Mail to: James S. Pendergraft, IV, 609 Virginia Drive, Orlando, FL 32803, c/o Justin R. Clark, Esq., 500 Winderley Place, Unit 100, Maitland, FL 32751; and via CM/ECF to the U.S. Trustee, George C. Young Federal Courthouse, 400 West Washington Street, Suite 1100, Orlando, FL 32801; and to all other creditors and parties in interest participating in CM/ECF in this instant case.

*/s/ Michael A. Nardella*
Michael A. Nardella, Esq.

From: **Arvind Mahendru** <amtrustee@gmail.com>
Date: Mon, Apr 8, 2019 at 4:43 PM
Subject: FW: Pendergraft
To: Wayne Spivak <waynes@c13orl.com>, Jacqueline R. LaVerne <jlaverne@youhavepower.com>


Wayne,

We have reviewed the documents produced by your client and we believe that the documents are insufficient for a number of reasons. Most importantly, while your client has produced documents here and there, it is haphazard. For some years we have 5 months of bank statements, for some 6, for other 7. The documents are simply incomplete. Nor do we have cancelled checks or check registries.

This email is my formal demand that your client turnover the following documents, complete and without unexplained gaps:

For last 7 years for him as an individual and for all entities listed on bk schedules through date of BK filing, I request turnover of all:

Tax returns
Monthly Balance sheets
Monthly Profit and loss statements
Year end balance sheets and profit and loss statements
Monthly bank statements, ***with cancelled checks***
Check registry / journal entry reports
Operating agreements
Shareholder agreements
Deeds to real estate owned by Pendergraft individually or any entity listed on BK schedules
Mortgages on any of the Real Estate
Titles to any motor vehicles or other titled asset owned by Pendergraft individually or any entity listed on BK schedules

In addition, the current way the documents are organized is insufficient. This email is my formal demand that your client organize the documents as follows, with each line below a folder or subfolder depending on the indentation:

**By entity**
    **Deeds**
    **Mortgages**
    **Title to motor vehicles and the like**
**By entity**
    **By year**
        Tax returns
        Year end Balance sheets and profit and loss statements
        Operating agreement/ shareholder agreement
        **By month**
            business/ accounting records ( see above detail of list)
            Bank statements ( see above detail of list)

We will need a complete set of all of these documents or we will have to file a motion to compel with the Court. If there are any documents that are missing for some reason, please specifically identify such documents.

Thank you for your cooperation.


ARVIND MAHENDRU, ESQ.
Chapter 7 Trustee
5703 Red Bug Lake Rd #284
Winter Springs FL 32708
407-504-2462

# Exhibit A