UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

Case No.: 18-06437
Chapter 7

JAMES PENDERGRAFT IV

        Debtor(s)      /

**MOTION TO SELL REAL PROPERTY**
(1301 Neelys Bend)

> NOTICE OF OPPORTUNITY TO
> OBJECT AND REQUEST FOR HEARING
>
> Pursuant to Local Rule 2002-4, the Court will consider the relief requested in this paper without further notice or hearing unless a party in interest files an objection within twenty-one (21) days from the date set forth on the attached proof of service, plus an additional three days for service if any party was served by U.S. Mail.
>
> If you object to the relief requested in this paper, you must file your objection with the Clerk of the Court at 400 West Washington St, Suite 5100, Orlando, Florida 32801 and serve a copy on Arvind Mahendru, Esq., 5703 Red Bug Lake Rd. #284, Winter Springs Florida, 32708 and any other appropriate persons within the time allowed. If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing or consider the response and grant or deny the relief requested without a hearing.
>
> If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, will proceed to consider the paper without further notice and hearing, and may grant the relief requested.

COMES NOW Arvind Mahendru, Chapter 7 Trustee, by and through his undersigned counsel, and hereby moves for authority to sell certain improved real property and pay transactional costs and in support thereof states as follows:

**JURISDICTION**

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363(b) and Federal Rules of Bankruptcy Procedure 2002 and 6004.

## **BACKGROUND**

4. On October 18, 2018, the Debtor filed this case for relief under Chapter 7 of the United States Bankruptcy Code.

5. Arvind Mahendru was appointed Chapter 7 trustee (the "Trustee").

6. The Debtor owns real property, by virtue of a deed, located at 1301 NEELYS BEND ROAD # 47, MADISON, TN with the following legal description:

> ALL THAT CERTAIN PARCEL OF LAND SITUATE IN THE COUNTY OF DAVIDSON AND STATE OF TENNESSEE BEING KNOWN AND DESIGNATED AS FOLLOWS APARTMENT UNIT NO. F-47, OF NEELY'S BEND CONDOMINIUM CREATED UNDER TITLE 64, SECTIONS 2701 ET SEQ. AS AMENDED, TENNESSEE CODE ANNOTATED, AND AS ESTABLISHED BY A MASTER DEED, OF RECORD IN BOOK 5483, PAGE 86, REGISTER'S OFFICE FOR DAVIDSON COUNTY, TENNESSEE, TOGETHER WITH THE UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS APPURTENANT TO SAID UNIT AS SET FORTH IN EXHIBIT A-1 OF SAID MASTER DEED. REFERENCE IS HEREBY MADE TO THE PLAT OF NEELY'S BEND CONDOMINIUM OF RECORD IN BOOK 5200, PAGE 200, SAID REGISTER'S OFFICE, FOR A MORE COMPLETE IDENTIFICATION AND DESCRIPTION OF SUCH UNIT.
> PARCEL NUMBER: 052160A04700CO (the "Property").

The property is recorded in the name of the debtor and his deceased spouse, Emmarita Freeman Pendergraft.

7. The Trustee completed a title search and found that the Property is not encumbered by a mortgage lien.

8. The Trustee has accepted an offer from Achieve Amazing Investments, LLC (the Buyer) to purchase this home in the amount of $102,100.00, as payment in full. The current offer was not the only offer on the property but is the highest offer. Moreover, the estate believes it is a fair offer for the current economy and the length the property has remained on the market.

9. Any real property taxes will be paid prorated, as will all other outstanding liens and encumbrances as identified on that certain Commitment for Title Insurance attached hereto as **Exhibit A**.

10. The Trustee has attached a "DRAFT" Settlement Statement that outlines the proposed distribution of the sale proceeds at closing, as **Exhibit B.**

## AUTHORITY TO SELL

11. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the estate other than in the ordinary course of business.

12. The purchase and sale of the Real Property is conditioned upon entry by the Court of a final, non-appealable order granting this Motion.

13. The Trustee further requests that the Court waive the fourteen (14) day stay under Bankruptcy Rule 6004(h). Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, unless the Court orders otherwise, all orders authorizing the sale of property pursuant to § 363 of the Bankruptcy Code are automatically stayed until the expiration of 14 days after the entry of the sale order. The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before the order is implemented. *See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h)*. Given the timeframes and notice of the sale provided to all lienholders and parties asserting an interest in the Property, the Court should waive the 14-day stay provisions of the Bankruptcy Rules in this case.

## CONCLUSION

14. The Trustee, in the exercise of his business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the bankruptcy estate insofar as there is otherwise no equity in the Property, the Trustee is more familiar with the current

3

market than other interested parties, and a sale under this motion serves the best interest of all interested parties. The Buyer has agreed, subject to Court approval, to pay to the Trustee the sum of $102,100.00 in exchange for the Property.

WHEREFORE, the Trustee moves for the entry of an Order substantially in the form attached hereto:

    A.    Authorizing the sale of the Property to the purchaser; and,

    B.    Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property including executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser;

    C.    Authorizing the Trustee and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding Home Owner's Association fee or assessment arrearages; and (c) other anticipated closing costs, and

  D.  Granting the Trustee such other and further relief as is just and proper.

                                                            Respectfully submitted,

                                                            /s/ Arvind Mahendru
                                                            Arvind Mahendru, Esq.
                                                           5703 Red Bug Lake Rd. #284
                                                           Winter Springs, FL 32708
                                                           407-504-2462

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served by U.S. Mail and/or electronic delivery to all parties listed below and on the attached mailing matrix this October 11, 2019.

/s/ Arvind Mahendru
Arvind Mahendru