ORDERED.

Dated: November 20, 2019

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

JAMES S. PENDERGRAFT, IV,   Case No. 6:18-bk-06437-KSJ
                                                        Chapter 7
    Debtor.
_____/

**ORDER APPROVING TRUSTEE'S MOTION TO SELL REAL PROPERTY (DOC. 157)**

    This case on for consideration, without hearing, of the Motion to Sell Real Property (1301 Neelys Bend) (Doc. 157) (the "Motion") filed pursuant to the negative notice provisions of Local Rule 2002-4. The Court, considering the Motion and the absence of any record objection to the relief requested in the Motion by any party in interest, deems the Motion to be uncontested. Accordingly, it is:

    **ORDERED**:

    1.    The Motion is GRANTED, as further described herein.

    2.    The sale of the real property located at 1301 Neelys Bend Rd, #47, Madison, TN, as further described below, to Achieve Amazing Investment, LLC (the "Purchaser") in accordance with the terms outlined in the contract is approved and granted in all respects:

>ALL THAT CERTAIN PARCEL OF LAND SITUATE IN THE COUNTY OF DAVIDSON AND STATE OF TENNESSEE BEING KNOWN AND DESIGNATED AS FOLLOWS APARTMENT UNIT NO. F-47, OF NEELY'S BEND CONDOMINIUM CREATED UNDER TITLE 64, SECTIONS 2701 ET SEQ. AS AMENDED, TENNESSEE CODE ANNOTATED, AND AS ESTABLISHED BY A MASTER DEED, OF RECORD IN BOOK 5483, PAGE 86, REGISTER'S OFFICE FOR DAVIDSON COUNTY, TENNESSEE, TOGETHER WITH THE UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS APPURTENANT TO SAID UNIT AS SET FORTH IN EXHIBIT A-1 OF SAID MASTER DEED. REFERENCE IS HEREBY MADE TO THE PLAT OF NEELY'S BEND CONDOMINIUM OF RECORD IN BOOK 5200, PAGE 200, SAID REGISTER'S OFFICE, FOR A MORE COMPLETE IDENTIFICATION AND DESCRIPTION OF SUCH UNIT.
>
>PARCEL NUMBER: 052160A04700CO

(the "Property").

3. Pursuant to 11 U.S.C. § 363(h), the Trustee is authorized to take any and all actions and to execute any and all documents necessary to consummate the terms of the sale of the Property including executing a deed conveying the interests of the Debtor or any other party claiming an interest.

4. The Purchaser is authorized and directed to accept the deed of the Property and to make all payments required by the contract.

5. The Trustee or any escrow agent shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the real property included among the purchased assets (b) any outstanding association fees or assessment arrearages; and (c) other anticipated closing costs.

6. This Order shall constitute a final judgment and order pursuant to 28 U.S.C. § 158(a).

7. This Court retains jurisdiction, including after the closing of the case, to: (1) interpret, implement and enforce the terms and provisions of this Order; (2) protect any buyer, or the Property, from any party challenging the sale; (3) resolve any disputes arising under or related to the Order or the sale of the Property; (4) adjudicate all issues concerning pre-closing disputes; (5) to award fees and sanctions against any party obstructing the intent or purposes of this Order, and (6) adjudicate any and all issues and/or disputes relating to the Debtors' right, title or interest in the Property and the proceeds thereto.

8. This Order shall be binding in all respects upon all creditors (whether known or unknown) of the Debtor, all successors and assigns of any buyer, and any subsequent trustees appointed in the Debtor's case under the Bankruptcy Code and shall not be subject to rejection.

9. The stay of orders authorizing the use, sale or lease of property as provided for in Rule 6004(g) of the Federal Rules of Bankruptcy Procedure shall not be effective and this Order is effective immediately upon entry.

Attorney Michael A. Nardella is directed to serve a copy of this order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of this order.